TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-12-00049-CR

NO. 03-12-00051-CR






Teresa Ann Burkes a/k/a Teresa O'Conner, Appellant


v.


The State of Texas, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT

NOS. 66141 & 67660, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N



 This is an appeal pursuant to Anders v. California, 386 U.S. 738 (1967). In trial court
cause number 66141, appellant Teresa Ann Burkes was charged with the offense of credit / debit
card abuse. See Tex. Penal Code Ann. § 32.21 (West 2011). In trial court cause number 67660,
Burkes was charged with the offense of burglary of a habitation. See Tex. Penal Code Ann. § 30.02
(West 2011). Burkes pleaded guilty to both offenses. The district court found the evidence
sufficient to support a finding of guilt in each cause, withheld such findings at that time, and ordered
a pre-sentence investigation report (PSI). Following a sentencing hearing, punishment was assessed
at two years' in state jail for the offense of credit / debit card abuse and sixteen years' imprisonment
for the offense of burglary of a habitation. This appeal followed.

 At the sentencing hearing, the district court heard evidence that Burkes and a co-defendant, Willie McDowell, had taken unlawful possession of an unoccupied house that did
not belong to them and had rented the house to Mary Diane Smith and her husband, Mauricio Torres.
Smith and Torres both testified at the hearing and explained the circumstances surrounding
the renting of the house. According to Smith, Burkes had represented that the house belonged
to her father.

 As Smith and Torres soon discovered, however, the actual owner of the house
was Sergeant Shawn Tobin, a United States Army veteran who had served in Kuwait, Iraq, and
Afghanistan. Tobin testified that he and his wife had owned the house since 1997 but had left the
house unoccupied while he was stationed in Afghanistan. According to Tobin, he and his wife had
planned on living there again upon his return, and he had not given anyone permission to rent out
the house while he was gone. While the house had been unoccupied, many of Tobin's possessions
had remained in the house. The evidence tended to show that Burkes and McDowell, upon taking
possession of the house, had either stolen, thrown away, or otherwise disposed of many of the items
that they had found inside the house (including medals that Tobin had earned during his military
career). Tobin testified that he had been unable to recover any of the lost or stolen items.

 Burkes testified in her defense and admitted that she had used a credit or debit card
that did not belong to her and that she did not have authority to rent out the house. At first, Burkes
claimed that she did not know to whom the house belonged, but she later admitted that she knew it
belonged to a soldier (although she believed that the soldier might have died). Burkes also admitted
that she and McDowell had broken into the house to find items that they could sell and that she had
cleaned out the house and threw away much of what she had found inside, although she denied
having any knowledge of the missing service medals.

 Burkes's court-appointed attorney has filed a motion to withdraw supported by a
brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of
Anders v. California by presenting a professional evaluation of the record demonstrating why there
are no arguable grounds to be advanced. See 386 U.S. at 744-45; see also Penson v. Ohio, 488 U.S.
75 (1988); High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978); Currie v. State, 516 S.W.2d 684
(Tex. Crim. App. 1974); Jackson v. State, 485 S.W.2d 553 (Tex. Crim. App. 1972); Gainous
v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969). Burkes was mailed a copy of counsel's brief
and advised of her right to examine the appellate record and to file a pro se brief. No pro se brief
has been filed.

 We have reviewed the record and counsel's brief and agree that the appeal is frivolous
and without merit. We find nothing in the record that might arguably support the appeal. Counsel's
motion to withdraw is granted.

 The judgments of conviction are affirmed.



 ____________________________________________

 Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Affirmed

Filed: July 20, 2012

Do Not Publish